IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
May 14, 2024 Session

## JAMES LUCAS ET AL. v. JOSEPH BERRYMAN

**Appeal from the Circuit Court for Loudon County**
**No. 2020-CV-19      Michael S. Pemberton, Judge**

——————————————————

### No. E2023-01051-COA-R3-CV

——————————————————

The attorneys for a deceased defendant appeal the trial court's order dismissing this action pursuant to Rule 12.02(6). Because the attorneys do not have standing, this appeal is dismissed.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

KRISTI M. DAVIS, J., delivered the opinion of the Court, in which D. MICHAEL SWINEY, C.J., and ANDY D. BENNETT, J., joined.

Terrill L. Adkins and Elijah T. Settlemyre, Knoxville, Tennessee, for the appellant, Joseph Berryman.

Burke Keaty and Matthew Strong, Nashville, Tennessee, for the appellees, James Lucas, Della Lucas, Dellaney Belcher, Cameron McDonald, Floyd McDonald, and Jeanie McDonald.

### MEMORANDUM OPINION[1]

#### BACKGROUND

This appeal stems from a car accident that occurred on March 29, 2019, in Loudon County, Tennessee. The underlying facts are not in dispute. While driving his vehicle,

---

[1] Rule 10 of the Tennessee Court of Appeals Rules provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Joseph Berryman struck another vehicle containing several passengers ("Plaintiffs"). Plaintiffs filed a complaint against Mr. Berryman in the Circuit Court for Loudon County (the "trial court") on February 21, 2020, but never served Mr. Berryman with the complaint or with a summons. Mr. Berryman died on February 24, 2021. On March 26, 2021, Plaintiffs issued an alias summons to Mr. Berryman.[2]

Plaintiffs claim in their brief that they did not know about Mr. Berryman's death until May of 2021. Upon learning that he had died, Plaintiffs consulted a Florida[3] attorney about opening an estate for Mr. Berryman for purposes of service of process. Attorney Robert Hines ("Mr. Hines") was appointed personal representative of Mr. Berryman's estate on September 14, 2021. Despite Mr. Berryman being deceased, an attorney purporting to represent him filed a notice of appearance and answer in the trial court on September 15, 2021, alleging, *inter alia*, insufficient service of process. No party filed a suggestion of death, nor was Mr. Berryman's estate substituted as a party. According to Plaintiffs, this series of events forced them to file a second lawsuit:

> Under these circumstances – with [Mr.] Berryman having not been served with process, with [Mr.] Berryman's counsel's apparent unwillingness to enter an agreed order substituting [Mr.] Berryman's Estate as the party defendant, and with little time left before the statute of limitations expired for the adult Plaintiffs' claims – Plaintiffs filed a separate lawsuit on September 22, 2021, against Defendant Robert D. Hines, Esq., as Personal Representative of the Estate of Joseph Stuart Berryman, deceased, Docket No. 2021-CV-93 (hereinafter "second case").

(Record citations omitted). While Plaintiffs also filed the second case in the trial court, it is not presently before this Court.

"Mr. Berryman" filed a motion for summary judgment on October 6, 2021, arguing that Plaintiffs failed to comply with Tennessee Rule of Civil Procedure 3 and that Plaintiffs failed to serve him in the time required by law. "Mr. Berryman" argued in the motion for summary judgment that the original complaint was timely filed but that Plaintiffs failed to issue the alias summons within one year of the original summons. On the same day "Mr. Berryman" filed the motion for summary judgment, he also filed a motion to dismiss for prior suit pending in the second case, given that this action was still pending. There is no transcript in the record as to any hearing. Nonetheless, the trial court entered an order on June 26, 2023, providing that it held hearings on February 2, 2022 and March 29, 2023.

---

[2] Both parties acknowledge that Plaintiffs issued the alias, but no return or copy appears in the record.

[3] Mr. Berryman resided in Florida.

The trial court denied "Mr. Berryman's" motion to dismiss for prior suit pending in the second case. As to this action, the trial court treated the motion for summary judgment as a Rule 12.02(6) motion to dismiss and granted same. The trial court reasoned as follows:

> The court essentially agrees with the defendant's factual assertions and legal arguments. As discussed above in respect to the Motion to Substitute or Add Party, the court has found that the statute of limitations in docket number 2020-cv-19[4] expired on September 29, 2021, without service having ever been effectuated on [Mr.] Berryman or his estate, even given the additional year that Tenn. Code Ann. § 28-3-204(a)(1[)](A) provided and the additional six (6) month tolling allowed by Tenn. Code Ann. § 28-1-110.
>
> Had the plaintiffs not instituted their "second" lawsuit against the personal representative of the estate, the case would be over. This court has struggled mightily trying to reconcile the potential grant of summary judgment in docket number 2020-cv-19 while at the same time denying the "prior suit doctrine" motion to dismiss in docket number 2021-cv-93. It is certainly arguable that a grant of summary judgment in docket number 2020-cv-19 would preclude the prosecution of 2020-cv-93 [sic]. That seems to this court inequitable and unfair, given that this court has held that the lack of personal jurisdiction in the first suit prevents the application of the prior suit pending doctrine in the second suit.
>
> Therefore, the court finds it appropriate, in this limited (and quite rare) instance, to treat the defendant's Rule 56 motion as a Rule 12.02(6) motion seeking dismissal for failure to state a claim. Despite all of the extraneous materials submitted by the parties, this court did not consider such material in its conclusion to dismiss docket number 2020-cv-19. Rather, the court simply relied upon the following:
>
> > 1. The date of the motor vehicle accident as alleged in the complaint;
> > 2. The filing of the complaint on February 20, 2020[5] as reflected in the court file;
> > 3. That the court file reflects that service of process was never effectuated on [Mr.] Berryman, the only defendant in 2020-cv-19;

---

[4] Case number 2020-cv-19 is the case now on appeal. Case number 2021-cv-93 is the second case that Plaintiffs filed in September of 2021.

[5] This appears to be a typographical error in the trial court's order. The file-stamp date on the complaint shows the filing date as February 21, 2020.

4. That the court file reflects that no personal representative or administrator was order [sic] to be substituted as a party; and
5. That, but for the filing of the second suit, the statute of limitations had expired by operation of law.

Therefore, the court finds that docket number 2020-cv-19 should be dismissed without prejudice pursuant to Tenn. R. Civ. P. 12.02(6) for failure to state a claim.

Mr. Berryman's counsel timely appealed to this Court. While no suggestion of death has ever been filed and Mr. Berryman's personal representative has not been substituted as a party, counsel listed Mr. Berryman on the Notice of Appeal. His phone number and address were left blank.

## ISSUES

"Mr. Berryman" raises two issues on appeal, which we restate slightly:

I.      Whether the trial court erred in treating "Mr. Berryman's" motion for summary judgment as a Rule 12.02(6) motion to dismiss.

II.     Whether the trial court erred in dismissing the case without prejudice, when a dismissal based on the statute of limitations operates as a final adjudication upon the merits under Tennessee law.

## DISCUSSION

As the trial court aptly noted, this case is procedurally anomalous. "Mr. Berryman's" issues on appeal center on the trial court's actions in dealing with "his" motion for summary judgment, specifically, treating the motion as a motion for dismissal under Rule 12.02(6). As a more threshold issue, however, we must determine the procedural posture of this case and whether it is properly before this Court, given that Mr. Berryman died before ever having been served and before his "counsel" filed a notice of appearance on his behalf.

"Mr. Berryman's" appeal is murky as to whether his counsel had standing to file a notice of appeal on his behalf. "Counsel" for Mr. Berryman did not file a notice of appearance in this case until September 15, 2021, nearly six months after Mr. Berryman's death on February 24, 2021. The notice provides as relevant: "Comes the Defendant, J[ose]ph Stuart Berryman, and announces to the Court that his counsel of record is Terrill L. Adkins, Trammell, Adkins & Ward, P.C. . . . ." However, "[i]t is obvious that a lawyer cannot unilaterally create an attorney-client relationship with a deceased person." *Dry v.*

- 4 -

*Steele*, No. E2013-00291-COA-R3-CV, 2014 WL 295777, at *6 (Tenn. Ct. App. Jan. 28, 2014). In *Dry*, we determined that a deceased party's wife, who was an attorney, could not file a notice of appeal to this Court on behalf of her husband, where the husband was deceased when the wife filed her notice of appearance, and there was no estate opened to be represented. We concluded that the notice of appearance filed after the husband's death was ineffective and "did not provide [the wife] authority to file a notice of appeal on his behalf." *Id.*; *see also In re Estate of Lake*, No. W2019-01818-COA-R3-CV, 2020 WL 7365818, at *5 (Tenn. Ct. App. Dec. 15, 2020) (dismissing an appeal under similar circumstances); *Owen v. Grinspun*, 661 S.W.3d 70, 74 (Tenn. Ct. App. 2022) (addressing a factually different set of circumstances but noting in dicta that "a party must have a legal existence as a prerequisite to having the capacity to sue or be sued" (quoting *Adelsberger v. United States*, 58 Fed. Cl. 616 (Fed. Cl. 2003))).

Accordingly, it is unclear that counsel in this case had the authority to file a notice of appeal on Mr. Berryman's behalf. Nonetheless, at oral argument in this matter, counsel insisted that they represent the deceased and that this appeal is properly before the Court, notwithstanding the fact that Mr. Berryman's personal representative has never been substituted as a party as would be the normal course. Indeed, "[w]hen a party to a negligence lawsuit dies, the action does not abate." *Cunningham v. Fresenius Med. Care, Inc.*, No. M2021-01087-COA-R3-CV, 2022 WL 2236312, at *2 (Tenn. Ct. App. June 22, 2022). Rather, "Tennessee Rule of Civil Procedure 25.01(1) provides the procedure for the substitution of a party upon a suggestion of death:"

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of process. Unless the motion for substitution is made not later than ninety (90) days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

*Id.* When questioned at oral argument about why no suggestion of death was ever made upon the record, counsel opined that Rule 25.01 does not apply in this case because Mr. Berryman was never served with process. Specifically, counsel stated: "I don't believe that a suggestion of death needs to be filed when there has been no actual service on the deceased defendant" and further argued that it would be improper for a defendant's counsel to file a suggestion of death for his own client.

We cannot agree with Mr. Berryman's counsel that he did not have a responsibility to inform the trial court of Mr. Berryman's passing. Again, the lack of a living defendant speaks to counsel's standing to litigate this case at all. *See Dry*, 2014 WL 295777, at \*6. Although counsel asserted at oral argument that it would be improper for a defendant's attorney to file a suggestion of death for his client, our research reveals no reported Tennessee cases suggesting this is true. Nonetheless, the plain language of Rule 25.01(1) provides that a motion for substitution must be "made not later than ninety (90) days *after the death is suggested upon the record* by service of a statement of the fact of the death . . .," (emphasis added) meaning that the motion for substitution is triggered by the suggestion of death. *See Williams v. Williams*, No. E2012-00162-COA-R3-CV, 2012 WL 3986328, at \*2 (Tenn. Ct. App. Sept. 12, 2012) ("The purpose of the filing of a suggestion of death is to trigger the running of the 90 day period within which a motion for substitution of proper party may be filed."); *Pearson v. Koczera*, No. E2017-00258-COA-R3-CV, 2018 WL 2095276, at \*1 n.3 (Tenn. Ct. App. May 7, 2018) ("There is no time requirement for making the suggestion of death upon the record, and until it is made, the ninety-day period for a motion to substitute does not begin to run." (citing 3 Tenn. Prac. Rules of Civil Procedure Ann. 25:2 (4th ed.))); *Chase v. Ober Gatlinburg, Inc.*, No. E2020-00649-COA-R3-CV, 2021 WL 3702081, at \*4 (Tenn. Ct. App. Aug. 20, 2021) (noting that 25.01 "embodies a[n] unambiguous procedural mechanism for the dismissal of civil actions *when the trial court determines that, in the absence of excusable neglect, a party has failed to file a timely motion for substitution of party* following the filing of a suggestion of death" (quoting *Dobbins v. Green*, No. W2012-00460-COA-R3-CV, 2013 WL 1149574, at \*4 (Tenn. Ct. App. Mar. 20, 2013))). Consequently, it would seem that this particular case does not fall within the ambit of Rule 25.01(1) given that the rule was never triggered; it follows that the case should not be dismissed for failure to comply with this rule.

Accordingly, we, like the trial court, are left with a procedural conundrum. To reiterate, Plaintiffs commenced the lawsuit at issue[6] but never served Mr. Berryman. Inasmuch as the lawsuit commenced, we do not agree with counsel that Rule 25.01(1) is totally inapplicable; indeed, Rule 25.01 lays out the procedure for when a party dies while a case is pending. However, it is also not completely clear that dismissal under Rule 25.01(1) is the proper way to dispose of this case because no party filed a suggestion of death as to Mr. Berryman. *See Williams*, 2012 WL 3986328, at \*2 ("The purpose of the filing of a suggestion of death is to trigger the running of the 90 day period within which a motion for substitution of proper party may be filed."). This problem is compounded by a lack of precedent, as our research reveals no Tennessee cases addressing how Rule 25 applies when a case has commenced but the defendant has not yet been served.

---

[6] "A suit is commenced upon the filing of a complaint." *Lane v. Daniel*, No. W2012-01684-COA-R3-CV, 2013 WL 2325620, at \*3 (Tenn. Ct. App. May 29, 2013) (citing Tenn. R. Civ. P. 3).

On the other hand, what is abundantly clear is that Mr. Berryman is deceased and therefore lacks legal existence and that no party has even attempted to substitute Mr. Berryman's personal representative. Counsels' contention that they somehow represent "the deceased" is unavailing. *See Dry*, 2014 WL 295777, at *6. Considering the foregoing, the ultimate question here is not whether this case should be dismissed, but rather the proper way in which to dispose of it. Under the very particular circumstances before us, we deem it prudent to follow our holding in *Dry*, and we thus determine that counsel in this case did not have standing to appeal the trial court's decision. As such, the issues purportedly raised by "Mr. Berryman" are rendered moot, and this appeal is dismissed. *See id.*

## CONCLUSION

The judgment of the trial court is affirmed, and this appeal is dismissed. Costs on appeal are assessed to the attorneys who filed this appeal, Terrill Lee Adkins and Elijah Settlemyre. This case is remanded to the trial court for collection of costs assessed below, pursuant to applicable law.

_____
KRISTI M. DAVIS, JUDGE